1
2
3
4
5
6
7
8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  JONATHAN AYALA,                                  Civil        14cv1794 GPC (JLB)
    CDCR #F-25736,                                   No.
12
                               Plaintiff,            **ORDER DENYING MOTION TO**
13                                                   **APPOINT COUNSEL**

14                                                   **[ECF No. 16]**
                          vs.
15

16  W. FERMON; W.L. MONTGOMERY,

17

18                             Defendants.

19

20

21        On May 7, 2015, Plaintiff Jonathan Ayala ("Plaintiff"), proceeding pro se, filed

22  a letter noticing his change of address. (ECF No. 16.) In that letter he requests that he "be

23  permitted by the honorable Judge to obtaine [sic] Assistance of Counsel." (*Id.*) The Court

24  construes this as a motion for appointment of counsel. This is a civil rights action where

25  Plaintiff alleges violations of 42 U.S.C. § 1983 based on allegations that Defendant W.

26  Fermon, a prison guard, shot Plaintiff. (ECF No. 8.) Generally, litigants have no right to

27  counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

28  However, the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C.

§ 1915(e)(1) in "exceptional circumstances." *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), cert. denied sub nom. *Gerber v. Agyeman*, 545 U.S. 1128 (2005). In determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits" as well as "the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderson*, 789 F.2d 1328, 1331 (9th Cir.1986) (citations and internal quotation marks omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Id.*

Plaintiff states that he "will be admitted long term in the system of Department of State Hospitals" to "receive extensive long term treatment for mental state health and pain due to trauma injury." (ECF No. 16.) While Plaintiff will allegedly be receiving mental health treatment, the clarity of Plaintiff's letter and complaint appears to indicate that he can articulate his claims pro se. (*See id.*; ECF No. 8) Additionally, a review of Plaintiff's complaint does not indicate that the legal issues involved are complex. (*See* ECF No. 8.) Accordingly, the Court finds that, based on the record before it, there do not exist exceptional circumstances that warrant the appointment of counsel and thus **DENIES** without prejudice Plaintiff's motion for appointment of counsel. (ECF No. 16.)

**IT IS SO ORDERED.**

DATED:  May 8, 2015

HON. GONZALO P. CURIEL
United States District Judge

14cv1794 GPC (JLB)