# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN AYALA, CDCR #F-25736,<br><br>                    Plaintiff,<br><br>vs.<br><br>W. FERMON; W.L. MONTGOMERY,<br><br>                    Defendants. | Civil No.   3:14-cv-1794-GPC-JLB<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>**[ECF No. 35]** |

On August 11, 2015, Plaintiff Jonathan Ayala ("Plaintiff"), proceeding pro se, filed a letter "[r]equesting counsel." (ECF No. 35.) The Court construes this as a motion for appointment of counsel. This is Plaintiff's second such motion. (*See* ECF No. 16.) This is a civil rights action where Plaintiff alleges violations of 42 U.S.C. § 1983 based on allegations that Defendant W. Fermon, a prison guard, shot Plaintiff. (ECF No. 8.) Generally, litigants have no right to counsel in civil actions. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). However, the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) in "exceptional

circumstances." *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), cert. denied sub nom. *Gerber v. Agyeman*, 545 U.S. 1128 (2005). In determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits" as well as "the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderson*, 789 F.2d 1328, 1331 (9th Cir.1986) (citations and internal quotation marks omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Id.*

Plaintiff states that he "seeks assistance with the very complex proceedings that have arisen [sic]" and that he "cannot grasp the legal meaning set upon now." (ECF No. 35.) However, the Court has previously reviewed Plaintiff's complaint and found that the issues in this case are not complex, and the case has not significantly changed since that time. (*See* ECF No. 17.) Accordingly, the Court finds that, based on the record before it, there do not exist exceptional circumstances that warrant the appointment of counsel and thus **DENIES** without prejudice Plaintiff's motion for appointment of counsel. (ECF No. 35.)

**IT IS SO ORDERED.**

DATED: August 12, 2015

HON. GONZALO P. CURIEL
United States District Judge